IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NORE-RAHF V NORTH HILLS APTS LLC, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 25-2072-BAH |
| KESHA HORSLEY, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

On June 27, 2025, Defendant Kesha Horsley (hereinafter "Horsley"), proceeding pro se, removed this action (Case No. D-05-LT-25-61264-136) to this Court from the District Court of Maryland for Prince George's County. *See* ECF 1 (notice of removal).[1] This action appears to be one Plaintiff NORE-RAHF V North Hills Apts LLC ("North Hills") filed against Horsley for repossession of a rented property based on Horsley's alleged failure to pay rent. *See* ECF 2 (state court complaint). Horsley advances that this Court has federal question jurisdiction over the matter. *See* ECF 1, at 2; ECF 1-1 (civil cover sheet marking only federal question jurisdiction).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal

---

[1] The Clerk's Office issued a deficiency notice on June 30, 2025, as Horsley did not pay the civil filing fee or file a motion to proceed in forma pauperis upon removal. *See* ECF 3. Because the Court now dismisses this action for lack of subject matter jurisdiction, Horsley need not correct the deficiency.

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The requirement of subject matter jurisdiction is so fundamental that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

As the party seeking to invoke this Court's jurisdiction, Horsley bears the burden of alleging and demonstrating that this Court has subject matter jurisdiction over the action. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). She has not done so. While Horsley invokes federal question jurisdiction, ECF 1, at 2, the state court complaint makes clear that the action arises entirely under state real property law, *see* ECF 2.[2] Thus, this Court does not have federal question jurisdiction, and Horsley has not asserted diversity jurisdiction.[3] Because this Court lacks subject matter jurisdiction over this action, this action will be remanded back to the District Court of Maryland for Prince George's County.

---

[2] The civil cover sheet cites to 18 U.S.C. § 8, which is a federal criminal statute that does not create a civil cause of action. *Stanton v. Roche*, Civ. No. 22-3208-PX, 2023 WL 8257949, at *3 (D. Md. Nov. 28, 2023) ("18 U.S.C. § 8 merely defines the term 'obligation or other security of the United States,' but does not itself give rise to a cause of action."). Even if Plaintiff did properly raise a federal counterclaim against North Hills, "[a] federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds." *Wittstadt v. Reyes*, 113 F. Supp. 3d 804, 806 (D. Md. 2015).

[3] As both North Hills and Horsley appear to be citizens of Maryland, *see* ECF 1, at 1, and ECF 2, at 1, there is not complete diversity.

For these reasons, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) The case is REMANDED to the District Court of Maryland for Prince George's County; and

(2) The Clerk is directed to MAIL a copy of this memorandum and order to Horsley and to CLOSE this case.

Dated: July 7, 2025 /s/
Brendan A. Hurson
United States District Judge